

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00261-CR

_____

MICHAEL LINDSEY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1484541D

---

Before Sudderth, C.J.; Pittman and Birdwell, JJ.
Memorandum Opinion by Justice Pittman

## MEMORANDUM OPINION

Appellant Michael Lindsey pled guilty to burglary of a building and true to the enhancement allegation in the indictment. *See* Tex. Penal Code Ann. §§ 12.425(a), 30.02(a)(1), (3), (c)(1). After a unitary proceeding, the trial court convicted him and sentenced him to eight years' confinement, two years less than the maximum confinement available. *See id.* 12.34(a), 12.425(a). In one issue, Appellant challenges complainant Edward Harrison's unobjected-to testimony that Appellant should receive the maximum confinement available for the offense. Because Appellant did not preserve his issue, we affirm the trial court's judgment.

## BRIEF FACTS

Mr. Harrison managed AR Contractors, a group of companies. Appellant's grandfather had worked for AR Contractors for decades, and the two families were intertwined. Appellant had worked for AR Contractors on two separate occasions, but both periods of employment ended because of his heroin use. While Appellant was on parole for a previous conviction, he obtained a combination to the safe at AR Contractors, broke into the building, opened the safe, and took jewelry and coins from it; he also stole shotguns from the building. Appellant's mother identified him on the surveillance video the police showed her.

Appellant pled guilty without a plea bargain, and the trial court decided his punishment. Mr. Harrison was the only witness. He testified on direct examination by the prosecutor:

Q. Do you believe . . . you feel like you know what justice would be in this case?

A. Yes, I do, I think.

Q. What do you think . . . is the best outcome in this case?

A. I think he needs to get the maximum. This is Texas. No matter what the maximum is, he's not going to serve it, but what we've got to look at is logic that as soon as they let him out of prison, within 90 days, he's going to go back. Why should we keep spending money to re-prosecute him, . . . let him out on parole, then y'all can pick him up and put him back in there because he's not going to make 90 days?

Mr. Harrison also testified on cross-examination about the sentence Appellant should receive:

Q. . . . .

You said in this thing that you want him to get a lot of time, because if he gets out in a month, he'll be sent right back?

A. Guaranteed. No doubt in my mind. All I'm looking at is the economics. Give him the maximum then that will wait for the next 10 years, whatever that number is. We don't have to spend all this money on court, then they can just haul him back there and put him back in a cage because that's what he wants.

Finally, the trial court asked Mr. Harrison questions about his opinion on giving the maximum sentence to Appellant:

Q. You said giving him the max. Why is that cheaper? Why do you think that's cheaper?

A. Well, if the maximum is 20 years, then this is Texas, he's not going to serve but two or three years period, but then he's on parole for the rest of it, so as soon as he—give him 90 days, he'll screw up, then you don't have to have him back in court. They can just revoke his parole and give him his room back.

3

The record reveals no objections to Mr. Harrison's testimony recommending the punishment Appellant should receive for this offense. The only objections were to the prosecutor's (1) asking Mr. Harrison's opinion on whether Appellant should have been released on parole from his prior conviction and (2) "arguing that the Court should consider our parole laws in assessing this particular punishment and how they'll be applied to this defendant in this particular case."

## DISCUSSION

In his sole issue, Appellant contends that the trial court abused its discretion by admitting Mr. Harrison's opinion of the punishment Appellant should receive. Appellant forfeited this issue by failing to object.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Martinez v. State*, 17 S.W.3d 677, 686 (Tex. Crim. App. 2000).

By failing to object to Mr. Harrison's testimony that he should get the maximum sentence, Appellant failed to preserve error. *See* Tex. R. App. 33.1(a); *Ramirez v. State*, No. 02-18-00131-CR, 2019 WL 238123, at *11 (Tex. App.—Fort

Worth Jan. 17, 2019, pet. filed) (mem. op., not designated for publication) (recognizing the impropriety of the witness's testimony opining what the defendant's sentence should be but holding he failed to preserve error). We overrule Appellant's issue.

## **CONCLUSION**

Having overruled Appellant's only issue, we affirm the trial court's judgment.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 7, 2019